**BAIRD CORPORATION, Plaintiff,**

v.

**John O. MARSH, Jr., Secretary of the Army, Defendant.**

**Civ. A. No. 83–3149.**

United States District Court, District of Columbia.

Nov. 10, 1983.

See also, D.C., 579 F.Supp. 1162.

John H. Tracy, Lynda Troutmann O'Sullivan, Washington, D.C., for plaintiff.

Judith Bartnoff, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This is a disappointed bidder case challenging award of a contract for the production of 543 AN/VVS-2(V)1A "night driver's viewers" to Numax Electronics, Inc. (Numax), a competitor of plaintiff Baird Corporation (Baird). At a hearing on October 25, 1983, plaintiff's application for a temporary restraining order was denied. After a further hearing and submission of briefs, this dispute is now before the Court on plaintiff's motion for a preliminary injunction pending review of the award by the General Accounting Office (GAO) and on defendant's motion to dismiss or for summary judgment. For the reasons set forth below, plaintiff's motion for a preliminary injunction must be granted.

In August, 1983, the Army solicited bids for the contract in dispute by issuing Request for Proposals (RPF) No. DAAB07-83-R-E309 which, as amended, restricted solicitation to "contractors who will be eligible for First Article waiver at the time of award." Only Baird and one other company, Varo, Inc., were clearly eligible for first article waiver. Numax was undergoing first article testing on night viewers produced under a contract it received in February, 1983, and this testing was scheduled to be completed in mid-October.

On September 9, before making its bid, Baird sent a letter to Ms. Alice Allen, the contracting officer, requesting clarification of the RFP and specifically raising the issue of Numax's eligibility to bid on the contract. On November 15 Ms. Allen replied, repeating the language quoted above

and stating that "qualification must have been obtained under some other contract for the AN/VVS–2(V)1A." Ms. Allen's letter to Baird made no specific reference to Numax and did not in any way alter the terms of the RFP.

On September 19 Baird, Varo, and Numax submitted bids on the contract. The bids were opened the same day and Numax was the low bidder, with Baird the next lowest bidder. On September 26, the contracting officer determined that Numax was eligible for first article waiver, and hence eligible to receive the contract, based on its satisfactory progress under the February contract and near completion of first article testing. The new contract was awarded to Numax on September 29. The next day Baird filed a timely protest with the GAO, which is still pending. First article testing was successfully completed on Numax's February contract in mid-October, and first article testing approval on the device was granted to Numax on October 24 for the first time.

Baird attacks the contract award to Numax on the ground that Numax was not eligible for first article waiver on September 29, the date of the award. Baird argues that the only means of becoming eligible for first article waiver is by obtaining first article testing approval under a previous contract for the same item, which Numax did not receive until October 24. The Army, while conceding that this may be the "usual standard," contends that eligibility for first article waiver is not so restricted and that the determination may be made by the contracting officer prior to completion of testing based on "all relevant information."

■ The Court is not unmindful of the admonition that "[i]n the field of Government procurement ... [its] authority to vacate and enjoin action that is illegal must be exercised with restraint." *M. Steinthal & Co. v. Seamans*, 455 F.2d 1289, 1298–99 (D.C.Cir.1971). The GAO, with its "special competence" in the field of procurement, is the more proper forum for determining the merits of plaintiff's claim in the first instance. *Wheelabrator Corp. v. Chafee*, 455 F.2d 1306, 1316 (D.C.Cir.1971). Where intervening events threaten to deny a meaningful opportunity for GAO review, however, a grant of preliminary relief may be appropriate.

The preliminary injunction by a court pending GAO determinations may provide a felicitous blending of remedies and mutual reinforcement of forums .... The preliminary injunction may be used to preserve the status quo ... while securing for the court the benefit of the GAO's expertise. Where a court has warrant for issuing an injunction pending GAO determination it may be able to obviate the objection sometimes leveled at GAO's procedure, that the time required sometimes renders the matter moot prior to GAO's determination.

*Wheelabrator Corp.*, 455 F.2d at 1316.

The factors to be weighed by the Court in considering a motion for preliminary injunction are well established, and include (1) the plaintiff's likelihood of success on the merits; (2) whether irreparable injury has been shown; (3) whether issuance of the injunction will "substantially harm" other parties interested in the proceedings; and (4) where the public interest lies. *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C.Cir.1958).

■ On the record before the Court plaintiff has shown a significant likelihood of prevailing on the ultimate issue of whether Numax was eligible for first article waiver at the time of the contract award. Unquestionably, as the Army contends, it enjoys great discretion in procurement matters and this discretion "extends not only to the evaluation of bids submitted in response to a solicitation but also to determination by the [Army] with respect to the application of technical, and often esoteric, regulations to the complicated circumstances of individual procurements." *Seamans*, 455 F.2d at 1301. Deference to the Army's interpretation of when a bidder may be considered eligible for first article waiver, however, is inappropriate where it is demonstrated that the Army's position is contrary to established practice, contrary

to the position previously taken by the same contracting officer, unauthorized by any regulation and apparently also contrary to prior rulings of the GAO.

■ Plaintiff presented testimony from Mr. John Kowalczyk, a retired Army contracting officer who for many years had responsibility for procurement of night vision devices. Mr. Kowalczyk testified that eligibility for first article waiver was contingent on successful completion of all first article testing or acceptance of production goods, and that he was unaware of any instance of waiver being granted absent this qualification. Plaintiff also presented an affidavit submitted by Ms. Allen in a prior proceeding, in which she states that a previous solicitation for night vision driver's viewers "was restricted to the two firms which had successfully produced this item in the past *and could therefore be granted a waiver of the First Article Test procedure ...*" [emphasis added]. Defendant did not produce Ms. Allen or otherwise explain this prior inconsistent view; nor did it offer evidence of any instance where first article waiver was granted absent prior attainment of first article approval on the same item.

*TM Systems, Inc.*, 81–2 C.P.D. ¶ 464 (Comp.Gen.1981), upon which defendant relies for the proposition that waiver of first article testing is committed to the discretion of the contracting officer, in fact supports plaintiff's position. Although *TM Systems* recognizes broad discretion to grant or deny first article waiver to a bidder *eligible* for such a waiver, it appears to adopt plaintiff's view of the criterion for eligibility.

> Three days after the contracting officer received the user activity's evaluation of TM, Sentinel obtained first article approval under its other contract, *whereupon the Army considered Sentinel eligible for first article waiver.*

*TM Systems*, 81–2 C.P.D. ¶ 464, at 3 [emphasis added].*

■ On the record before the Court, therefore, plaintiff has demonstrated a significant likelihood of success on the merits. The other prerequisites for a preliminary injunction have likewise been satisfied. Absent intervention by this Court, it is likely that by the time the GAO determines the merits of plaintiff's claim it will no longer be possible to re-bid the contract or award it directly to Baird because of the Army's need for timely delivery of goods "vital to the functions performed by the sovereign." *Blackhawk Heating and Plumbing Co. v. Driver*, 433 F.2d 1137, 1141 (D.C.Cir.1970). Plaintiff's only remedy would then be recovery of the costs of bid preparation in the Court of Claims, which clearly would not make plaintiff whole. The possibility of irreparable injury thus augers in favor of granting relief. *See Seamans*, 456 F.2d at 1302.

■ Issuance of a preliminary injunction will not substantially harm the interests of the Army. A showing by the Army that an injunction pending GAO review would delay delivery of urgently needed contract goods might well suffice to defeat plaintiff's motion, but it is apparent that no such delay will occur. The Army concedes that current stockpiles of night driver's viewers are sufficient to fulfill its tank production needs into August of 1984. Numax is obligated under the contract as awarded to begin deliveries in March. Dr. Walker, Baird's vice president, testified that Baird could produce sufficient quantities of the device to meet contract needs given 90 days' notice. Even allowing for some slippage in delivery dates, it is thus clear that an injunction pending expeditious resolution of the bid protest before the GAO will not interfere with the Army's military procurement needs. Nor will Numax, which had actual notice of these proceedings and failed to appear to protect its

---

* Defense Acquisition Regulation 1–1903(a), also cited by plaintiff, would appear to be inapplicable to the present dispute. That regulation states that prior receipt of first article approval is grounds for waiver of a first article approval requirement in a subsequent contract. It does not address the question, however, whether receipt of first article approval is necessary to be eligible for waiver of first article testing. This is the only regulation mentioning waiver.

interests, be substantially harmed by issuance of an injunction as it is free to litigate its rights before the GAO.

■ Finally, the public interest in ensuring that proper procedures are followed in procurement of government contracts militates in favor of granting preliminary relief pending GAO determination of the merits. *See Scanwell Laboratories, Inc. v. Shaffer*, 424 F.2d 859, 864 (D.C.Cir.1970).

Plaintiff is entitled to a preliminary injunction sufficient to protect its opportunity to litigate the issues it has raised before the GAO. Plaintiff's motion for a preliminary injunction is granted and defendant's motion to dismiss or for summary judgment is denied. The GAO is respectfully requested to reach its determination as to the merits of plaintiff's protest as expeditiously as possible.

An appropriate order is filed herewith.