**BAIRD CORPORATION, Plaintiff,**

v.

**John O. MARSH, Jr., Secretary of the Army, Defendant.**

**Civ. A. No. 83–3149.**

United States District Court,
District of Columbia.

Jan. 12, 1984.

See also, D.C., 579 F.Supp. 1158.

---

John H. Tracy, Lynda Troutmann O'Sullivan, Washington, D.C., for plaintiff.

Judith Bartnoff, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Plaintiff Baird Corporation (Baird), a disappointed bidder, has brought suit challenging the legality of a contract awarded to Numax Corporation (Numax), a Baird competitor, for production of "night driver's viewers" to be used in Army tanks. On November 10, 1983, this Court issued a preliminary injunction enjoining defendant from further performance of the contract until Baird's bid protest then pending before the General Accounting Office (GAO) was decided. 579 F.Supp. 1158. The facts underlying the present dispute are fully set forth in the Memorandum accompanying the Court's November 10th Order.

On December 20, 1983, the GAO issued its decision, denying Baird's bid protest. *In re Baird Corporation,* File B–213233.

On December 29, 1983, plaintiff petitioned the Court for an order renewing the preliminary injunction pending consideration of its claims on the merits.[1] For the reasons stated below, plaintiff's motion must be denied and the case dismissed.

Plaintiff's present application for preliminary injunctive relief is presented under circumstances markedly different from those present at the time of this Court's November 10 Order. At that time plaintiff was faced with denial of meaningful review of its bid protest before the GAO and with the irreparable harm that might result. Issuance of a preliminary injunction served "to preserve the status quo ... while securing for the court the benefit of the GAO's expertise." *Wheelabrator Corp. v. Chafee*, 455 F.2d 1306, 1316 (D.C.Cir.1971). In determining whether to renew the preliminary injunction following the GAO's decision, "the court may properly take into account the GAO's concurrence in the executive determination," *id.*, and the "court's reluctance to interfere with the executive procurement process should be especially strong where, as here, the General Accounting Office has made a determination upholding the procurement officials on the merits." *M. Steinthal & Co. v. Seamans*, 455 F.2d 1289, 1304 (D.C.Cir.1971).

In *Seamans* the D.C. Circuit set the guidelines for court review of procurement decisions.

> The Court is obligated to restrict its inquiry to a determination of whether the procurement agency's decision had a reasonable basis. This inquiry must fully take into account the discretion that is typically accorded officials in the procurement agencies by statutes and regulations. Such discretion extends not only to the evaluation of bids submitted in response to a solicitation but also to determination by the agency with respect to the application of technical, and often esoteric, regulations to the complicated circumstances of individual procurements.... If the court finds a reasonable basis for the agency's action, the court should stay its hand even though it might, as an original proposition, have reached a different conclusion ..."

455 F.2d at 1301 [footnote omitted]. While, as the Court indicated in its Memorandum of November 10, an adequate showing had been made to justify preliminary relief which would allow plaintiff to present its case to the GAO, the Court cannot now find that the determinations of the Army and of the GAO lacked a "reasonable basis."

The contracting officer's discretionary decision to consider Numax eligible for first article waiver was based on a legitimate concern for the government purse and, as a practical matter, the reliability of Numax's product appeared to be adequately demonstrated. Furthermore, although plaintiff has presented to the Court evidence that the Army's decision offended accepted practice, it does not appear to have violated any specific statutory or regulatory directive.[2] Given the great deference to be accorded to such procurement decisions and considering the opinion of the GAO, the contracting officer's application of first article waiver criteria to the facts of the present case must therefore be sustained.

In view of the foregoing, the Court need not consider the other factors to be weighed before a preliminary injunction may be issued. The Court also need not determine whether the Army's interest in timely delivery under its contract with Numax might also require denial of the requested injunctive relief. Plaintiff's request for a further injunction shall be de-

---

1. As defendant points out in its response, plaintiff's submission was not in the form of a formal motion and asks for "continuation" of the Court's earlier preliminary injunction, which had already expired according to its own terms. In the interests of speeding resolution of the present action, however, the Court shall treat plaintiff's submission as a formal motion for preliminary injunction.

2. Plaintiff has submitted a document sent by Numax to the Army at the time of bid submissions which Baird claims was not considered by the GAO. Even accepting this assertion as true, however, the Court concludes that this evidence does not justify overturning the GAO's decision.

nied. Having determined that the Army's action must be sustained, no grounds remain for granting plaintiff further relief and the complaint is hereby dismissed.

An appropriate Order is filed herewith.

